IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RESIE'S CHICKEN & WAFFLES RESTAURANT §§§ | |
| v. § | C.A. NO. 4:13-CV-01890 |
| ACCEPTANCE INDEMNITY COMPANY and IAT GROUP INVESTIGATIVE SERVICES UNIT §§§§§ | |

## MEMORANDUM AND ORDER FOR LEAVE

This cause having come on for hearing on the motion of Plaintiff, Resie's Chicken & Waffles Restaurant to amend its original pleadings, and the court having considered the arguments of counsel and memorandum submitted in support of and against this motion, the Court concludes that Plaintiff's motion should be granted.

This lawsuit arises out of a lawsuit commenced by Plaintiff in the 011th Judicial District Court of Harris County, Texas alleging Breach of Contract, Fraud, Rescission and Setoff, Civil Conspiracy, Negligence, Breach of Covenant of Good Faith and Fair Dealing, Breach of the Deceptive Trade and Practices Act, and Retaliation and Harassment due to Acceptance Indemnity Company's ("Acceptance") denial of Plaintiff's insurance claim after Plaintiff's restaurant caught fire. On or about May 31th 2013 Plaintiff served Defendant AIC and Defendant IAT Group Investigative Services Unit with process. Defendant removed the case from State Court to Federal Court claiming diversity. The case was then transferred from State District Court 011 to the Federal District Court for the Southern District of Texas.

Plaintiff's counsel then filed its motion to for Leave to Amend to add G4S Compliance and Investigation, and revise its claims against Defendants on August 2, 2013. Plaintiff requested leave to amend to add G4S Compliance and Investigation, Inc., the company contracted by Acceptance to perform fire investigation services in this matter. Plaintiff has also reduced the number of claims pled in this matter from 8 to 5 and requested a Declaratory Judgment.

Leave to amend is not automatic and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court."[3] The court may consider whether granting leave to amend would cause undue delay, be in bad faith or is a dilatory motive on the part of the movant, and whether repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.[4]

The Court accepts Plaintiffs' assertion that Plaintiff intended to sue the investigation branch of Acceptance since Plaintiff initially name IAT Group Investigative Services Unit in the caption of the initial pleading. Furthermore, the court believes that the omission of the actual claim against G4S Compliance was inadvertent and not in bad faith or for a dilatory motive. In addition, Plaintiff's amendment to reduce the number of claims alleged is not futile and will not cause undue delay or prejudice the Defense. The Court finds there is no undue prejudice to Defendants and the amendment would not be futile. Pursuant to Rule 15(a), the Court grants leave to amend.

---

3 *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citations and internal quotation marks omitted); accord *Goldstein*, 340 F.3d at 254; *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992), aff'd, 37 F.3d 1069, 1073 n.8 (5th Cir. 1994) (en banc).
4 *Wimm*, 3 F.3d at 139 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); *Goldstein*, 340 F.3d at 254; *United States v. Humana Health Plan of Texas Inc*, 336 F.3d 375, 386-87 (5th Cir. 2003).

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Leave to Amend is GRANTED.

SIGNED on this 6th day of August, 2013.

Kenneth M. Hoyt
United States District Judge