Table of Contents

**INTRODUCTION** ...................................................................................................................1

**ARGUMENTS** ......................................................................................................................10
   **Judgment as a Matter of Law** ..................................................................................... 10
   **Request for New Trial**…………………………………………………………………………………………………13

**CONCLUSION** …………………………………………………………………………………………………………………….15

**CERTIFICATE OF CONFERENCE**………………………………………………………………………………………….16

**CERTIFICATE OF SERVICE**……………………………………………………………………………………………………17

## TABLE OF AUTHORITIES

**Cases**

*Baker v. Delo, 38 F.3d 1024, 1027 (8th Cir. 1994)*……………………………………………..2

*Cates v. Creamer*, 431 F.3d 456, 460-61 (5th Cir. 2005)…………………………………...13

*Caudle v. District of Columbia*, 707 F.3d 354, 359-61 (D.C. Cir. 2013) …………………….13

*Gilster v. Primebank*, 747 F.3d 1007, 1013 (8th Cir. 2014) …………………………………13

*Greene v. Potter*, 557 F.3d 765, 771 (7th Cir. 2009)………………………………………….11

*McWhorter v. City of Birmingham*, 906 F.2d 674, 677-78 (11th Cir. 1990)   …………………14

*Powers v. Bayliner Mar. Corp.*, 83 F.3d 789, 796 (6th Cir. 1996)   ……………………………11

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)…………………………10

*Singer v. Dungan, 45 F.3d 823, 827 (4th Cir. 1995)* ……………………………………….2, 11

**Other Authorities**

Fed. R. Civ. P. 50(a)(1)…………………………………………………………………………..10

Fed. R. Civ. P. 59  ……………………………………………………………………………13

Fed. R. Evid. 301……………………………………………………………………………….5

Notes of Committee on the Judiciary, Senate Report No. 93–1277  ……………………………..5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RESIE'S CHICKEN & WAFFLES RESTAURANT, Plaintiff, | § § § § | |
| v. | § § | Civil Action No. 4:13-CV-01890 |
| ACCEPTANCE INDEMNITY COMPANY and IAT GROUP INVESTIGATIVE SERVICES UNIT Defendant. | § § § § | |

PLAINTIFF'S MEMORANDUM IN SUPPORT
OF MOTION FOR JUDGMENT AS A MATTER OF LAW
AND RELATED MOTION FOR A NEW TRIAL

Plaintiff asks the Court to render judgment in its favor, as authorized by Federal Rule of Civil Procedure 50(a) and alternatively, grant a new trial, as authorized by Federal Rule of Civil Procedure 59.

## A. INTRODUCTION

1. Plaintiff is Resie's Chicken and Waffles Restaurant; defendant is Acceptance Indemnity Company and IAT Group Investigative Services Unit.

2. Plaintiff sued defendant for a Declaratory Judgment; Breach of Contract; Noncompliance with the Texas Insurance Code: Unfair Settlement Practices; Noncompliance with the Texas Insurance Code Chapter 542: The Prompt Payment of Claims Act; Breach of Duty of Good Faith and Fair Dealing; Deceptive Trade Practices Act; Respondeat Superior-Libel; and Respondeat Superior Slander.

1

3. The trial of this case began on February 22, 2016.

4. All parties have presented their evidence and closed.

5. After a trial on the merits, the Court submitted the case to the jury via general instructions with interrogatories.

6. The jury returned a verdict for two interrogatories in favor of Plaintiff and two interrogatories in favor of Defendants.

7. Plaintiff moves for a judgment as a matter of law and related motion for new trial.

8. Plaintiff seeks judgment as a matter of law or alternative motion for new trial because Defendants have not presented evidence that is legally sufficient for a reasonable jury to find for the Defendants. Evidence is insufficient when when there is complete absence of proof on an issue material to the defense. *See Singer v. Dungan, 45 F.3d 823, 827 (4th Cir. 1995); Baker v. Delo, 38 F.3d 1024, 1027 (8th Cir. 1994).*

9. Plaintiffs burden in this matter was to prove that the claim was valid. Since the fire did in fact occur there is no question that Plaintiff's claim was in fact valid. Defendants never disputed the validity of the claim, nor did Defendant present evidence to establish that Plaintiff filed an invalid claim. Plaintiff must then demonstrate that the loss claimed is covered under the policy in question. Mrs. Foreman testified to Plaintiff's Sworn Proof of Loss presented to Defendants during the fire investigation. Defendants' did not dispute the amount of Plaintiff's losses nor did Defendants present evidence that the losses were outside the scope of the policy coverage. With this in mind, the burden shifts to the insurer to demonstrate that the losses claimed by the Plaintiff were excluded under the terms of the policy contract. Defendants' contend that

Plaintiff's claim was denied for the following reasons:

    a.    Plaintiff "…did not have the fire/smoke equipment as required by the terms of the policy insurance…" *See Joint Exhibit 1626-1631, December 12, 2012 denial letter from Acceptance to Resie's.*

    b.    "On numerous occasions … [Plaintiff was] … requested to provide financial information relating to … [Plaintiff's] … business. Despite these numerous requests, the requested financial information ***was never*** provided. As a result … [Plaintiff] … failed to comply with an essential policy requirement. *Id. Emphasis added.*

    c.    "…[T]he fire was intentionally ignited at the time the last employees of the restaurant left … [the] … business premises. …[Defendants'] … investigation has not revealed any motive or basis upon which the employee who were last in the building would have ignited a fire, other than acting at …[Plaintiff's] … direction."

10.    Testimony was presented by Charese Foreman, the owner of Resie's Chicken and Waffles Restaurant. Mrs. Foreman specifically testified that the fire/smoke equipment was inspected by an independent inspector, as well as the Defendant's representative, Devco, prior to the policy being issued. At the time of the fire, Mrs. Foreman believe the fire equipment to be working and had no reason to believe that it was not working. Defendants failed to present any evidence contrary to Mrs. Foreman's testimony. As such the testimony is unrefuted.

11.    Mrs. Foreman further testified that she gave the requested financial information, including bank statements, income statements, and financial disclosures to her attorney, Anthony

Mercurio, to present to the Defendants during the investigation. Mrs. Foreman testified that she received a letter from the Johnston Legal Group stating that the requested information and documents had been received. That letter was presented into evidence as Exhibit 973-974. Exhibit 973-974 is the October 16, 2012 letter from Defendant's attorney, Michael Johnston to Mr. Mercurio. Specifically, the letter states, "… [w]e *also* received the following authorizations:

1. Insurance/Claim records;

2. General Release of Information; and

3. Financial Records.

We *also* received a number of documents that have been Bates stamped Numbers1 through 219…" *Emphasis added*

Defendants' did not refute the memorandum nor did Defendants present evidence that Plaintiff failed to provide the financial records requested during the Defendants investigation of the fire. Defendants did not present any witnesses to contradict Mrs. Foreman's testimony, nor did Defendants present evidence contrary to the October 16, 2012 letter to support its' position that Plaintiff "*failed*" to provided the requested financial information. During Defendants' counsel's closing argument, counsel stated that it was not his job to prove that Plaintiff provided the financial information and the 219 pages referenced in the letter. He further stated that it was Plaintiff's job to prove that she in fact had provided the requested information. He went on to state that the 219 pages were only pictures of the build-out of the restaurant but there was no evidence or testimony presented into evidence as to what was or wasn't contained in the 219 pages referenced by Michael Johnston.

4

In this case, the burden of persuasion resides with the Plaintiff to establish that the financial information was provided to the insurer as requested. In light of Mrs. Foreman's testimony and Michael Johnston letter acknowledging receipt of the authorizations for financial records and 219 pages of documents, it is reasonable to presume that the financial information was provided as requested, and the burden is now placed on the insurer to prove that the Plaintiff failed to provide financial information as requested. The party against whom a presumption is directed has the burden of producing evidence to rebut the presumption. *See Fed. R. Evid. 301.*

In all civil cases a presumption under Rule 301 imposes on the party against whom it is directed the burden of proving the non-existence of the presumed fact, once the party invoking the presumption established the basic facts giving rise to it. *See Fed. R. Civ. P. 301, Notes of Committee on the Judiciary, Senate Report No. 93–1277*. Plaintiff met the burden of persuasion as to whether the financial information was provided. Defendants did not present any proof or evidence to rebut the presumption that Plaintiff provided the financial information as requested. No did Defendants present evidence or proof that it never received the financial information.

During closing defense Counsel incorrectly stated the burden placed on the Defendant to the jury. This was intended to confuse and prejudice the jury. Plaintiff provided a valid claim for losses sustained during a fire, which were covered under the terms of the policy. Defendants called two witnesses to testify. Neither witness was in a position to testify to the reception of Plaintiff's financial records. In fact, Defendants' expert witness, Steve Chapman, specifically testified that Mrs. Foreman was cooperative during the fire investigation. Defendants failed to present even a scintilla of evidence to support its' position that Plaintiff ***failed*** to present financial information during the investigation. When Michael Johnston acknowledged receipt of

5

Plaintiff's financial records authorizations, in addition to 219 pages of bates stamped documents, on October 16, 2012, Plaintiff's claim with the insurer was still open and being investigated by the insurance company. Defendants' denial of Plaintiff's claim was sent on or about December 12, 2012. Defendant failed to present any evidence that between October 16, 2012 and December 12, 2012 that Defendants requested additional information for Plaintiff and Plaintiff failed to provided the requested information.

12. During Defendants' case in chief Defendant presented a video tape of the restaurant activities on the night of the fire to support its' position that the fire was the result of arson. Plaintiff presented evidence from the Houston Fire Department that the fire was the result of an electrical fire. Defendants attempted to explain away the fire department report but failed to present any evidence that the Houston Fire Department's report was incorrect. There was no solid proof that the fire was the result of arson and Defendants did not present any evidence to support the notion that Plaintiff's representative, Charese Foreman, committed arson or caused someone else to commit arson.

13. At the close of all evidence the following interrogatories were presented to the jury:

**INTERROGATORY NO. 1**: Do you find from a preponderance of the evidence that the fire, which occurred on January 3, 2012, at Resie's Chicken &Waffles Restaurant was caused by arson that is attributable to Resie's? Answer "Yes" or No."

Arson is "attributable to" a party if that party, or someone acting on its behalf, commits the act of arson, induces another person to commit it, or approves and seeks to benefits from the arson after it is committed.

6

To this question the Jury answered "No."

**INTERROGATORY NO. 2**: Do you find from a preponderance of the evidence that Acceptance Indemnity Company has established that Resie's Chicken and Waffles Restaurant did not have a working smoke alarm at the time of the fire on January 3, 2012? Answer "Yes" or "No."

To this question the Jury answered "No."

**INTERROGATORY NO. 3**: Do you find that such a failure to have a working smoke alarm was prejudicial to Acceptance? Answer "Yes" or "No."

There was no need for the Jury to consider this question since the answer to interrogatory 2 was no.

**INTERROGATORY NO. 4**: Do you find from a preponderance of the evidence that Resie's Chicken and Waffles Restaurant failed to provide financial information relating to the business as requested? Answer "Yes" or "No."

To this question the Jury answered "Yes."

**INTERROGATORY NO. 5**: Do you find that such failure to provide documents to Acceptance was prejudicial to Acceptance? Answer "Yes" or "No."

To this question the Jury answered "Yes."

14. Plaintiff accepts that the Jury did not find that Mrs. Foreman committed arson and there is not evidence that the smoke alarm was not working.

15. Plaintiff contends that no reasonable jury could answer "Yes" to Interrogatory 4 and Interrogatory 5 based upon the evidence presented during the trial. The jury instructions specifically instructed the jury to consider the evidence presented during the case in order to answer the interrogatories. At the conclusion of the verdict, the jury was polled and it was clear that the jurors ignored the Court's instructions. The jurors considered factors that were not presented into evidence. The jury foreperson stated, that Mrs. Foreman took 10 months to send the financial documents to Acceptance and it was their belief that it took too long to send the requested information. The jury further believed that this delay was unreasonable, and as such the delay was prejudicial to Acceptance.

Whether Plaintiff was unreasonable in the amount of time it took to provide the financial documents to the insurer was not the issue to be considered by the jury, and therefore any delay by the Plaintiff in providing financial information to Defendant is irrelevant to answering the question as to whether Plaintiff "*failed*" to provide financial information relating to the business as requested. Such a delay was also not the basis of Defendants' denial of the claim.

The jury was specifically asked if Resie's Chicken and Waffles Restaurant *failed to provide financial information relating to the business as requested.* The jury was not asked, however, whether Resie's Chicken and Waffles Restaurant unreasonably delayed the presentation of financial documents to Acceptance. The jury could not have answered that Plaintiff "*failed*" to present financial information to the insurer because Exhibit 973-974 stated that Acceptance was in receipt of authorization for Plaintiff's financial records in addition to 219 pages of Bates stamped documents.

It is apparent that Acceptance Insurance Company requested Plaintiff provide

"authorizations" for financial records. Exhibit 973-974 established that Plaintiff provided authorization for the financial records as requested by Acceptance. Those financial authorizations were provided on or about October 9, 2012. In addition to the financial authorizations, the Plaintiff also presented 219 pages of Bates stamps documents. Mrs. Foreman also testified that financial records and information was provided to Acceptance. Defendant did not present any evidence or testimony to establish that Mrs. Foreman's testimony was untruthful. Acceptance's agent, Johnston Legal Group PC acknowledged receipt of the requested financial authorizations and documents on or about October 16, 2012. Since the Defendant acknowledged receipt of the authorization for financial records and 219 pages of documents, a jury could not reasonably find that Plaintiff *failed* to present the financial information relating to the business as requested.

16. During deliberations the Jury requested clarification regarding the word "authorizations" on the Johnston Legal Group PC dated October 16, 2012. The jury inquired as to whether the word "authorizations" meant that Johnston Legal Group received insurance/claims records, General Release of Information, and the Financial Records? The Court's response, as agreed to by the parties stated, "…[a]uthorizations means permission (written) given by Foreman to obtain records. Whether they requested them or received them from the appropriate authorities is of no consequence in this case and not part of the evidence." The Court's clarification was proper. The interrogatory asked if *Resie's Chicken and Waffles Restaurant failed to provide financial information relating to the business as requested."* The question does not ask whether Acceptance requested the records or failed to receive the requested records from any authority in control of the records. *See Exhibit A, incorporated by reference herein.*

9

As such, the focus is not simply on whether Resie's failed to provide financial information in the form of a document, or other tangible thing, but whether Resie's ***failed*** to provide financial information relating to the business ***as requested***. Defendant requested authorizations from Resie's for its Insurance/Claims records; General Release of Information; and Financial Records. In response, Plaintiff provided authorizations for its Insurance/Claims records; General Release of Information; and Financial Records and an additional 219 pages of documentation. Defendants then acknowledged receipt of Plaintiff's authorizations for Insurance/Claims records; General Release of Information; and Financial Records, in addition to 219 pages of documentation. Without evidence to the contrary, and based upon the Testimony of Mrs. Foreman, a reasonable jury could not find that Plaintiff ***failed*** to present the financial information relating to the business ***as requested.***

### B. ARGUMENTS

*Judgment as a Matter of Law*

17. A court may render a judgment as a matter of law when there is no evidence that is legally sufficient for a reasonable jury to find for a party on an issue on which the party has been fully heard. Fed. R. Civ. P. 50(a)(1); *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Defendant provided three reasons for denying Plaintiff's claim. These three reasons were the basis of Defendants' defense of the suit.

18. Because all parties have presented their evidence, Defendants have had ample opportunity to be fully heard on all issues on which it has the burden of proof. Defendants have failed to meet their burden establishing that Plaintiff's claim was excluded under the terms of the policy contract.

19. The Court should grant judgment in favor of Plaintiff as a matter of law. There is no legally sufficient basis for the jury to find for Defendants because there is a complete absence of pleading or proof on an issue material to the Defendants defense. *See Singer v. Dungan*, 45 F.3d 823, 827-28 (4th Cir. 1995). And based upon the testimony and evidence presented there are no controverted issues of fact on which reasonable persons could differ. *Powers v. Bayliner Mar. Corp.*, 83 F.3d 789, 796 (6th Cir. 1996); *see Greene v. Potter*, 557 F.3d 765, 771 (7th Cir. 2009).

20. Defendants pleaded that the claim was denied because the Plaintiff did not have a fire/smoke alarm as required by the policy; the fire was the result of arson ordered by Mrs. Foreman; and Plaintiff never provided financial information as requested. To sustain this defense, the Defendants must provide evidence that Plaintiff caused the smoke detector to fail, or knew the fire/smoke alarm was not working at the time of the fire. Furthermore, Defendants must show that Mrs. Foreman instructed her employees, or someone acting on her behalf to start the fire; and that financial information was never provided by Plaintiff. Defendants have not introduced legally sufficient evidence for a reasonable jury to find in its favor.

   a. *Did Resie's have a working smoke alarm at the time of the fire*? Defendants did not introduce any evidence during trial to establish that Plaintiff's smoke alarm wasn't working on January 3, 2012. Furthermore, the Defendants' never presented any testimony from anyone present on the night of the fire that the smoke alarm did not activate. The Houston Fire Department Report of January 4, 2012, Exhibit 204-207, notes that the fire alarm was going off when they arrived. The Jury correctly answered "No" to Interrogatory No. 2.

   b. *Did Charese Foreman instruct someone to commit arson*? Defendants contend that

11

the fire was intentionally ignited by someone acting on behalf of Mrs. Foreman. No evidence was presented that Mrs. foreman committed arson or instructed someone to commit arson. The jury correctly answered "No" to Interrogatory No. 1 which asked if the fire was caused by arson attributable to Resie's.

c. *Did Plaintiff fail to provided financial information relating to the business as requested?* Defendants requested Plaintiff provide financial information relating to Plaintiff's business and Defendants allege the financial information **was never** provided. In light of the evidence presented, the jury incorrectly answered interrogatory 4 and 5. Mrs. Foreman testified that she turned over all requested documents and financial information. Defendant's did not impeach Mrs. Foreman's testimony nor did Defendants present evidence to contradict the testimony. Evidence was presented that Acceptance's attorney, Michael Johnston, received the Plaintiff's authorizations for financial records and 219 pages of documentation. No evidence was presented by the Defendants that anything more than "authorizations" for financial records were requested. Defendant also failed to present any evidence that the 219 pages provided to Acceptance were not bank statements, income statements, and other financial information Mrs. Foreman testified to providing. Defendant's own witness, Steve Chapman, testified that Mrs. Foreman was cooperative during the investigation. Given the testimony provided and the evidence presented a reasonable jury could not find that Plaintiff "*failed*" to provide financial information relating to the business *as requested*; this is true regardless of whether the Plaintiff was delayed in providing the financial information requested.

*Request for New Trial*

21.     In the alternative to the motion for Judgment as a Matter of Law, Plaintiff request the Court to grant a new trial, as authorized by Federal Rule of Civil Procedure 59 regarding interrogatory numbers 4 and 5. More specifically, Plaintiff requests the court grant Plaintiff a new trial on the issue of whether Plaintiff *failed*" to provide financial information relating to the business **as requested.**

22.     The Court should grant a new trial because the evidence is insufficient to support the verdict and the verdict is against the great weight of the evidence. *Cates v. Creamer*, 431 F.3d 456, 460-61 (5th Cir. 2005). Specifically, the evidence is insufficient to support the jury's answer to interrogatory numbers 4 and 5. The jury considered whether the Plaintiff was unreasonable in its delay in providing the financial information and whether that delay was prejudicial to Defendant. As stated above, Plaintiff's delay in providing the financial information was not a consideration in Defendants' decision to deny the claim. Defendants' contend that the Plaintiff never provided the financial information even though Defendants' issued a letter to Plaintiff that Defendant had in fact received Plaintiffs authorization for financial information in addition to 219 pages of documents.

23.     Furthermore, the Court should grant a new trial because of Defendants' improper jury argument. *Gilster v. Primebank*, 747 F.3d 1007, 1013 (8th Cir. 2014); *Caudle v. District of Columbia*, 707 F.3d 354, 359-61 (D.C. Cir. 2013). During closing, Defense counsel argued that it was Plaintiff's responsibility to establish that it had in fact provided the financial information to Acceptance. This position was incorrect and stated mainly to confuse the jury. The burden actually resided with the Defendant to show that financial information *was never* provided by

13

the Plaintiff as set forth in Defendant's denial letter. Defendants argued that it was Plaintiff's responsibility to prove that the financial information was provided required. This argument required the jury to consider whether the nonexistence of information could be considered as fact to establish that Plaintiff never provided it. To do so the jury would have to consider counsel's closing argument as evidence of the fact that no financial information was provided. The jury would also have to and that Acceptance never received the requested financial information from Plaintiff. Defendants' argument that Plaintiff presented no evidence to establish that the financial information was provided was purposefully designed to confuse the jury and erroneously shift the burden of presumption to the Plaintiff. This tasked the jury with considering as evidence, arguments by the Defendants that were not support by any direct evidence presented by the Defendants during trial.

24. Even though Plaintiff did not object to Defendants' improper jury argument, the argument was so prejudicial and inflammatory that a jury instruction to disregard it would not have eliminated the harm. *McWhorter v. City of Birmingham*, 906 F.2d 674, 677-78 (11th Cir. 1990). The argument was prejudicial and inflammatory because it incorrectly stated the Parties' respective burdens. Mrs. Foreman testified that the information requested was provided to the Defendants. Once Plaintiff established that the financial information was presented the burden was on the Defendant to establish that it was not and Defendants decision to deny the claim was justified. Defendants presented no evidence that impeached Mrs. Foreman's testimony nor Defendants present evidence to contradict the letter that it was in receipt of the financial information and 219 pages of documents. Defendants' argument that it was Plaintiffs responsibility to prove that she did in fact provide the information was prejudicial and harmful because it was incorrect and it was designed to confuse the jury.

14

## C. CONCLUSION

25. In light of the forgoing, Defendants have failed to establish a rational basis for denying Plaintiff's claim. No reasonable jury, based upon the evidence presented, could reach the conclusion that Plaintiff committed arson; Plaintiff failed to maintain a working smoke/fire alarm; and Defendant never received financial information pertaining to the business because Plaintiff failed to provide the financial information as requested. For these reasons the Plaintiff requests the Court enter a judgment as a matter of law on partial finding, stating that based on the evidence presented, that no reasonable jury could find that Plaintiff failed to provide financial information pertaining to the business as requested; in the alternative, Plaintiff request the Court grant a new trial on the issue of whether Plaintiff failed to provided the financial information pertaining to the business as requested.

/s/ Denise S. Young
Denise S. Young
The Law Office of Denise S. Young, PLLC
Texas State Bar No. 24053567
Federal ID No. 2044114
723 Main Street, Ste. 520
Houston, Texas 77002
Tel: 832-628-5506
Cell: 713-894-2203
Fax: 254-247-3544
Email: denise.young@isquiremi.com

**Certificate of Conference**

      I certify that on March 03, 2016, I conferred with Jack McKinley, and he is opposed to Plaintiff's Motion for Judgment as a Matter of Law and Alternative Motion for New Trial.

      /s/ Denise S. Young
Denise S. Young
The Law Office of Denise S. Young, PLLC
Texas State Bar No. 24053567
Federal ID No. 2044114
723 Main Street, Ste. 520
Houston, Texas 77002
Tel: 832-628-5506
Cell: 713-894-2203
Fax: 254-247-3544
Email: denise.young@isquiremi.com

**Certificate of Service**

       I hereby certify that a true and correct copy of the foregoing Plaintiff's Memorandum in Support of Plaintiff's Motion for Judgment as a Matter of Law and Alternative Motion for New Trial has been served upon all counsel of record in accordance with the rules, on this 10th day of March, 2016 as follows:

Jack McKinley
Ramey, Chandler, McKinley & Zito, P.C.
State Bar No. 16498200
750 Bering Drive, Suite 600
Houston, Texas 77057
Tel: (713) 266-0074
Fax: (713) 266-1064

                                                                   /s/ Denise S. Young
                                                                   Denise S. Young
The Law Office of Denise S. Young, PLLC
Texas State Bar No. 24053567
Federal ID No. 2044114
723 Main Street, Ste. 520
Houston, Texas 77002
Tel: 832-628-5506
Cell: 713-894-2203
Fax: 254-247-3544
Email: denise.young@isquiremi.com