United States District Court
Southern District of Texas
**ENTERED**
April 26, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RESIE'S CHICKEN & WAFFLES RESTAURANT, *et al.*, | § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 4:13-cv-1890 |
| ACCEPTANCE INDEMNITY COMPANY, *et al.*, | § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

### I.      INTRODUCTION

Before the Court are the defendant's, Acceptance Indemnity Company ("AIC"), motion to enter judgment (Doc. No. 87) and the plaintiff's, Resie's Chicken and Waffles Restaurant ("Resie's"), motion for judgment as a matter of law and, alternative, motion for a new trial (Dkt. No. 88).[1]  The Court, after having reviewed the motions, responses, (Dkt. No. 90), the evidence and record of trial as well as the applicable law, determines that AIC's motion to enter judgment should be DENIED; Resie's motion for judgment should also be DENIED.  Resie's alternative motion for new trial should be GRANTED, only with respect to the issues considered in Interrogatory Nos. 4 and 5.

### II.      FACTUAL BACKGROUND AND TRIAL PROCEEDINGS

Resie's brought suit against AIC for declaratory judgment, breach of contract, noncompliance with various provisions of Chapter 542 of the Texas Insurance Code, including unfair settlement practices in violation of § 541.060 of the Texas Insurance Code, breach of the prompt payment provisions of the Texas Insurance Code, § 542.051 *et seq.*, breach of the duty of

---

[1] The plaintiff filed a post-verdict motion for judgment as a matter of law, pursuant to Fed. R. Civ. P. 50(a).  The Court, in the interest of justice treats the plaintiff's motion as a Rule 50(b) motion.

good faith and fair dealing, violations of the Deceptive Trade Practices Act ("DTPA"), respondeat superior-libel and respondeat superior-slander of its proprietor, Charese Foreman.  Of these claims, only the claim for breach of contract was presented to a jury.

The evidence shows that Resie's opened for business the latter part of August 2011. Approximately five months later, it sustained fire damage essentially resulting in a loss in excess of $100,000.  At the time Resie's opened its doors for business, it had acquired a policy of insurance, Policy Number CP00135150 for property loss from AIC in the amount of $100,000. AIC did not dispute that there was a loss according to the policy that exceeded policy limits, but focused on the origin and/or cause of the loss, namely a fire.  AIC dispatched its arson investigator, Steven Chapman, to the scene.  Chapman arrived at Resie's location within three days of the fire, rendered a report and subsequently, testified in the instant action.  Chapman testified that, after his first walkthrough, his initial impression was that the fire was intentionally set.  He reported, primarily, that his concern was that the proprietors acted suspiciously when they refused to release film from their security cameras.  Later, he identified several areas in the restaurant that he called points of origin.  He also opined that an alcohol accelerant was used by the arsonist.  He described the substance as pure "ethanol" or the type of high proof alcohol usually found in whiskey.  The evidence shows that Resie's stored both beer and wine and other supplies, including cleaning materials, on the premises.

The sequence of events that defines this case started on January 4, 2012, when Resie's premises were destroyed by a fire.  The Houston Fire Department answered an alarm and call from other tenants that a fire was in progress at Resie's.  *See* HFD-Report, Ex. Nos. 204-207.[2] On January 7, 2012, three days after the fire, AIC's expert, Chapman, inspected the premises and

---

[2] The marked and filed Exhibit List, Doc. No. 78, erroneously shows Ex. Nos. 204-207 admitted for a limited purpose.  That limitation is erroneous.  *See* Tr., Day One, at 24: 3 - 6.

sent an email to AIC suggesting that "something [was] not right with [the] fire," given his observations at Resie's, coupled with the proprietors' uncooperative behavior.

On January 13, AIC forwarded a letter to Resie's acknowledging receipt of its claim and further advising it that an investigation was in progress. The letter also detailed the coverage available to Resie's and other applicable conditions, including potential exclusions. No further significant written communications between Resie's and AIC was presented in evidence, except AIC's attorneys' letter to Resie's on October 16, 2012, and AIC's denial letter of December 14, 2012. The attorneys' letter acknowledged receipt of financial documents and authorizations to obtain other documents from Resie's accountant/bookkeeper. Within 60 days, AIC forwarded its "denial" letter to Resie's proprietors. In its denial letter, AIC stated three reasons for its decision: (1) Resie's failure to maintain an operational fire alarm; (2) Resie's failure to provide requested financial information relating to its business; and (3) arson - the fire was intentionally set by Resie's employees.

The jury found against AIC and in behalf of Resie's by its answers to Interrogatory Nos. 1 and 2.[3]  However, in response to Interrogatory Nos. 4 and 5, the jury found against Resie's, and

---

[3]Interrogatory Nos. 1 and 2, as reflected in Dkt. No. 81, stated as follows:

**INTERROGATORY NO. 1**:  Do you find from a preponderance of the evidence that the fire, which occurred on January 3, 2012, at Resie's Chicken & Waffles Restaurant was caused by arson that is attributable to Resie's?  Answer "Yes" or "No."

Arson is "attributable to" a party if that party, or someone acting on its behalf, commits the act of arson, induces another person to commit it, or approves and seeks to benefits from the arson after it is committed.

Answer:      NO

**INTERROGATORY NO. 2**:  Do you find from a preponderance of the evidence that Acceptance Indemnity Company has established that the Resie's Chicken & Waffles Restaurant did not have a working smoke alarm at the time of the fire on January 3, 2012?  Answer "Yes" or "No."

Answer:      NO

AIC seeks a judgment that Resie's shall take nothing by its suit.  AIC relies on the policy section entitled, "Duties In the Event of Loss or Damage" and the jury's answers to Interrogatory Nos. 4 and 5,[4] as the basis for its motion.  *See* AIC, Ex. No. 1478-1582, Insurance Policy.  The records that AIC claims were necessary and material to its arson investigation were identified by trial counsel as Resie's books and records, such as profit and loss statements, income and expense reports and, primarily, the point-of-sale system printouts.

Only, Foreman, one of Resie's proprietors, testified concerning Resie's business records.  She testified that the records and/or authority to get the records that AIC demanded were provided to AIC by and through Resie's attorneys.  Therefore, she disputes AIC's claim that it did not receive or have access to Resie's sales records.  Foreman points to the following additional evidence:  (a) her testimony that business records were provided; (b) an admission by AIC's attorneys that they received Resie's business records and the authorizations to obtain other business records, *See* Ex. Nos. 973-74; and (c) the lack of evidence refuting her testimony that she provided such business records.  In addition, Resie's argues that AIC does not explain how AIC's attorney's letter acknowledging receipt of Resie's records and authorizations, is not a bar to AIC's claim that it never received such records.

---

[4]Interrogatory Nos. 4 and 5 were detailed as follows:

> **INTERROGATORY NO. 4**:  Do you find from a preponderance of the evidence that Resie's Chicken & Waffles Restaurant failed to provide financial information relating to the business as requested?  Answer "Yes" or "No."
>
> Answer:        YES
>
> **INTERROGATORY NO. 5**:  Do you find that such failure to provide documents to Acceptance was prejudicial to Acceptance?  Answer "Yes" or "No."
>
> Answer:        YES

(*See* Dkt. No. 81).

III.    STANDARD OF REVIEW

Resie's raises the question of the sufficiency of AIC's evidence for the jury to find as it did in Interrogatory Nos. 4 and 5.  The Court's review is guided by the principle that it is the province of the jury to weigh the evidence and determine the inferences to be drawn from the evidence, *i.e.,* determine the credibility of witnesses, the weight to be afforded the evidence and reach a verdict.  *See Gibraltar Sav. v. LD Brinkman Corp.*, 860 F.2d 1275, 1297 (5th Cir. 1988).  Thus, a jury's decision must be accepted if the record contains any competent and substantial evidence tending fairly to support the verdict.  *See Gibraltar Sav.,* 860 F.2d at 1297 (citing *Dartez v. Fibreboard Corp.*, 765 F.2d 456 (5th Cir. 1985), *cert. denied*, 490 U.S. 1091 (1989)).

Substantial evidence is "evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions."  *See Bank One, Texas, N.A. v. Taylor*, 970 F.2d 16, 22 (5th Cir. 1992) (citing *Transoil (Jersey) Ltd. v. Belcher Oil Co.*, 950 F.2d 1115, 1118 (5th Cir. 1992) (internal quotations and citation omitted)).  A court must consider all of the evidence and reasonable inferences in the light most favorable to the prevailing party unless the court believes that reasonable men could not arrive at a contrary verdict.  *See Boeing Co. v. Shipman*, 411 F.2d 365, 375 (5th Cir. 1969).  However, where, as here, the evidence is incompetent or insubstantial, or otherwise fails to support the verdict, a court may, in its discretion and to avoid manifest injustice, declare a new trial.  *See John W. Towing, Inc., v. Prejeant*, 42 F.3d 312, 318 (5th Cir. 1995).  The Court is of the opinion that AIC's evidence is incompetent or insubstantial and cannot support the jury's answers to Interrogatory Nos. 4 and 5.

IV.     **ANALYSIS AND DISCUSSION**

A.     **AIC's Motion for Judgment**

AIC moved for entry of a take-nothing judgment against Resie's based on the jury's answers to Interrogatory Nos. 4 and 5.  The Court has reviewed the evidence, the verdict and the policy of insurance and determines that the jury's answers to Interrogatory Nos. 4 and 5 are pointless for two reasons.   First, the basis for AIC's argument of uncooperativeness on the part of Foreman is rendered hollow in light of the jury's answers to Interrogatory Nos. 1 and 2 and the fact that uncooperativeness was not a jury issue.  The jury considered all of AIC's evidence that one or more of Resie's employees set the fire and that the premises was without an operating smoke alarm.  Thereafter, the jury rejected AIC's evidence that arson was the cause of the fire. The jury did not find AIC's experts credible and, therefore, rejected, in whole or in part, their testimonies.

Second, AIC's evidence pointed to another likely point of origin for the fire that was consistent with Resie's assertion.  Both the electrical box and the exterior electrical supply lines revealed a possible lightning strike.   That view was also shared by the Houston Fire Department's report and the testimony of AIC's electrical expert.   Therefore, AIC's argument that Foreman did not cooperate in AIC's arson investigation is rendered useless in light of the evidence and jury findings that contradict AIC's suspicion that arson was the cause of the fire.

B.     **Resie's Rule 50(b) Motion for Judgment**

Both AIC and Resie's raise the question of the sufficiency of the evidence as it pertains to Interrogatory Nos. 4 and 5, *i.e.*, whether a reasonable jury could find from the evidence that Resie's failed to provide financial records to AIC that were material to its arson investigation.

The Court is of the opinion, based on AIC's conflicted evidence, that a reasonable jury could not so find.

The resolution of the sufficiency of the evidence to support the jury's answers to Interrogatory Nos. 4 and 5 turns on two documents and the testimony of Foreman.  Her testimony is the only testimony that addresses this matter.  She testified that she provided all of the financial records that were requested by AIC to its attorneys.  According to Foreman, the records were collected and delivered to her attorney who, in turn, delivered them, along with authorizations to AIC's attorneys.  Foreman's testimony is undisputed and corroborated by AIC's attorney's letter of October 16, 2012.  *See* Ex. Nos. 968-69.[5]  That letter acknowledges receipt of a sworn and signed statement; Resie's insurance claim and records; Resie's general release of information; and Resie's financial records.  The letter also states that the information had been forwarded to AIC.  No other evidence was offered that contradicted Foreman's testimony or the attorney's letter.

Absent from the record is evidence that clarifies AIC's attorneys' letter in light of the conflict between it and AIC's letter of denial, dated December 14, 2012.  In other words, there is no evidence that the "numerous requests" phrase contained in the December 12 letter refers to efforts by AIC before receipt of the attorneys' letter, after receipt of the attorneys' letter or both before and after such receipt.  *See* AIC Ex. Nos. 1626-1631.  Therefore, AIC's letter of denial is some evidence that Resie's delayed in complying with AIC's request to produce records at some point in time.  Nevertheless, that evidence is contradicted or impeached by evidence and inference that AIC received the requested records before its December 2012 letter.  These two

---

[5] Resie's proprietor also testified that "[T]he point of sale system company that we used kept a backlog, a duplicate of the exact same records that our system kept inside the restaurant. . . . I gave them everything that they asked for." *See* Tr., Day One, at 76:12-15; 83:15-18.

letters, one from AIC's attorneys and one from AIC's claims department, are at odds concerning receipt.  Therefore, the Court finds that AIC's letter of December 14 contradicts its attorneys' October 16 letter and that they cancel each other's evidentiary value.

Based on the conflicted evidence, the jury was not free to infer that AIC utilized the authorizations but never received the records.  Nor was the jury free to infer that there was further contact between Resie's and AIC between October 16 and December 14 sufficient to support AIC's statement that it made "numerous requests" for such information.  Between October 16 and December 14, the record is silent concerning further contact between Resie's and AIC.  While a jury is free to choose between conflicting and/or contradictory evidence offered by a party in order to reach a verdict, it may not do so when such evidence is against the great weight of the evidence.  *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982). Therefore, the Court determines that there was no competent or substantial evidence presented by AIC from which a jury could conclude that Resie's did not provide the requested records.  *See Reeves v. Sanderson Plumbing Prods. Inc.,* 530 U.S. 133, 150 (2000).

Notwithstanding the aforementioned, because Resie's failed to contest the sufficiency of any such evidence at the close of evidence during the trial, it waived its right to do so now on a renewed post-verdict motion brought pursuant to Fed. R. Civ. P. 50(b).  *See Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 288 (5th Cir. 2007) ("a party who fails to present a Rule 50(a) motion on an issue at the close of evidence waives both its right to present a Rule 50(b) motion after judgment and its right to challenge the sufficiency of the evidence on appeal"); *see also Flowers v. South. Reg'l Physician Servs., Inc.,* 247 F.3d 229, 238 (5th Cir. 2001) ("If a party fails to move for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) on an issue at the conclusion of all of the evidence, that party waives both its

right to file a renewed post-verdict Rule 50(b) motion and also its right to challenge the sufficiency of the evidence on that issue on appeal."). Accordingly, Resie's Rule 50(b) motion should be DENIED; AIC's motion for judgment should also be DENIED.

### C.    Resie's Rule 59(a) Motion for New Trial.

Alternatively, Resie's moves for a new trial. At the conclusion of a jury trial, Fed R. Civ. P. 59(a) permits a trial court, upon a motion, to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" *See* Fed. R. Civ. P. 59(a)(1)(A). The decision whether to grant a new trial is a matter "confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980). A district court, however, "should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence." *Carr v. Wal–Mart Stores, Inc.*, 312 F.3d 667, 670 (5th Cir.2002) *(quoting Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 269 (5th Cir. 1998)). Where, as here, the great weight of the evidence does not support the verdict, a motion for new trial should be awarded. *See also Nat'l Car Rental Sys., Inc. v. Better Monkey Grip Co.*, 511 F.2d 724, 725 (5th Cir. 1975).

Applying these standards, the Court determines that the unimpeached evidence fails to support the jury's answers to Interrogatory Nos. 4 and 5—namely, that Resie's failed to produce records that were material to AIC's claim determination. AIC's evidence on this point is conflicted and impeached, if any such evidence exists. Because AIC's evidence is conflicted on a material and relevant point, there is no competent or substantial evidence supporting the jury's answers to Interrogatory Nos. 4 and 5. Therefore, the Court determines that Resie's motion for a new trial, brought pursuant to Rule 59(a), should be GRANTED, only with respect to the issues considered in Interrogatory Nos. 4 and 5.

## V.       CONCLUSION

Based on the foregoing, the Court determines that AIC's motion to enter judgment is DENIED.  Resie's motion for judgment is also DENIED; its motion for new trial, however, is GRANTED with regard to the issues considered in Interrogatory Nos. 4 and 5.

It is so **ORDERED**.

SIGNED on this 26th day of April, 2016.

_____
Kenneth M. Hoyt
United States District Judge