United States District Court
Southern District of Texas
**ENTERED**
September 16, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RESIE'S CHICKEN & WAFFLES RESTAURANT, *et al*, § § § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:13-CV-1890 |
| § | |
| ACCEPTANCE INDEMNITY COMPANY, *et al*, § § § | |
| Defendants. § | |

## SUPPLEMENTAL MEMORANDUM AND ORDER
### (SUA SPONTE)

**I.**

On September 1, 2016, the Court conducted a pretrial telephone conference with the attorneys for the parties. Appearing for the plaintiff – Denise Shuntina Young, Wendle Van Smith and Aubrey Pittman; and for the defendant – Jack M. McKinley [*See* DE 106]. After a careful reexamination of the record, the defendant's motion for judgment, the plaintiff's response and the Court's Memorandum and Order, the Court withdraws its conclusion that the plaintiff FRCP, Rule 50(b) motion should be denied. The Court also withdraws its conclusion that the plaintiff is not entitled to a judgment in its behalf because of the jury's answers to Interrogatories 4 and 5. The Court will address these changes.

**II.**

The jury answered Interrogatories 1 and 2 in favor of the plaintiff, finding that the fire that occurred on the insured premises January 3, 2012, the plaintiff's place of business, was not caused by arson that was attributable to its owner(s) or employees. The jury also found inferentially that the defendant failed to establish its defense that the premises did not have a

"working smoke alarm at the time of the fire." However the jury went on to find that the owner failed to provide financial information relating to the daily business transacted at the insured's location and that the owner's failure to provide the financial documents prejudiced the defendant.

It is the Court's opinion that the jury's answers to Interrogatories 4 and 5 are irrelevant in light of its answers to Interrogatories 1 and 2 and, therefore, do not bar or defeat the plaintiff's right to recovery for the damages suffered to the premises.

### III.

On or about August 24, 2011, the plaintiff acquired an insurance policy – No. CP00135150 – covering its premises and any claims that might arise from third parties concerning alcohol consumption. [*See* Ex. No. 1478-1582, Insurance Policy]. The policy coverage included, generally, losses due to property damage and bodily injury to third parties. Specifically excluded from coverage and/or not part of the policy, are claims for loss of income due to business interruptions.

In paragraph "C", under "Common Policy Conditions", the policy reads:

> All Coverage Parts included . . . are subject to the following conditions:
> We may examine and audit your books and records **as they relate to this policy** at any time during the policy period and up to three years afterward. [Emphasis supplied].

Defendant's Exhibit [1478 – 1582 at p. 1489(c)].

In its motion for judgment [DE 87], the defendant references another provision of the policy under the "Building and Personal Property Coverage Form". It states the following:

> a.  You must see that the following are done in the event of loss . . .
>
>   . . .
>
> (6)  as often as may be reasonably required permit us to inspect the property . . . and examine your books and records.

                . . .

      (8)    cooperate with us in the investigation or settlement of the claim . . . [and];

b.    We may examine any insured under other . . . including an insured's books and records.

Defendant's Exhibit [1478 – 1582 at 1559-60].

The defendant contends that provision "C" as well as these latter provisions give it the right to examine the plaintiff's "books and records" and that the plaintiff's failure to comply with this condition constituted a breach of contract. In light of that breach, argues the defendant, the jury's answers to Interrogatories 4 and 5 confirm its breach of contract defense and bars any recovery by the plaintiff. In addition, the defendant argues that the jury was entitled to infer from the plaintiff's lack of cooperation that the plaintiff's owner and employees had a strong motive to hide its poor business performance because it was not beneficial to the plaintiff's position. Finally, the defendant argues that despite being asked on numerous occasions for the requested financial information, the plaintiff failed to produce it.

The plaintiff disputed the defendant's claim in this regard, testifying that the records were provided in hard copy and through the plaintiff's bookkeeping service. The owner testified that hard copies and the means of access to all other business records was provided to the attorneys for the defendant by the plaintiff's counsel as is evident by the defendant's counsel's letter of October 16, 2012. The letter provides contact information along with a release to obtain the books and records for the owner's bookkeeper.

### IV.

Whether the plaintiff supplied its books and records in hard copy or not, the record shows, undisputedly, that the means for obtaining the records was in the defendant's hands.

Therefore, the jury's answers to Interrogatories 4 and 5 are "immaterial" to the plaintiff's recovery for property damage because the books and records do not "relate to the policy" coverage. Moreover, the property damage claim was undisputed. In Interrogatories 1 and 2, the jury found that the fire, whether by arson or not, was not attributable to the owner or persons acting in behalf of the owner. Contrary to the defendant assertion that the jury could infer from the owner's lack of cooperation that the owner or employees caused the fire, such an inference does not logically follow and the jury's answers to Interrogatories 1 and 2 confirm that fact. Hence, the absence of hard copies of the plaintiff's books and records does not support nor defeat the plaintiff's property damages claim.

Likewise, the defendant's claim that the plaintiff hid its books and records by utilizing an attorney, is inconceivable, particularly since both parties communicated through their attorneys. Neither attorney was called by the plaintiff or the defendant to testify in the case. Hence, there is no evidence that the plaintiff's attorneys did not cooperate with the defendant's attorney concerning access to the books and records. In fact, the opposite is true. *See* [Ex. No. 973-74 at bullet (2)(-3)] (General Release of Information; and Financial Records)].

The defendant also argues that the fact that the jury answered Interrogatories 4 and 5 suggests two other reasonable inferences based on the evidence. First, the defendant asserts, the exhibits provided by the plaintiff, Exhibits "1-219 . . . were not financial performance records", and second, the "plaintiff has no evidence that it ever produced financial performance records to [the] defendant". Neither of these inferences flows from the evidence. In fact, the evidence contradicts these inferences. It is undisputed that the owner did not physically provide all of its financial records in Exhibits 1-219. However, it is also undisputed that the "means" to acquire

the remaining records was provided and that fact was never disputed. Therefore, these inferences fail.

Equally, if not more importantly, the Court's instructions regarding Interrogatories 1 and 2 permitted the jury to find that the owner or employees caused the arson if they believed that the owner or employees did so in order to benefits from the arson. Therefore, the defendant's argument that the plaintiff withheld its books and records so that the jury could not determine the financial condition of the business and, thereby, conclude that the owner or employees caused the fire, is foreclosed by the Court's instruction and the inference to be drawn from the jury's answers.

## V.

Based on the evidence and the reasonable inference(s) to be drawn, the plaintiff should recover on its claim for property damage under the terms of the policy. The plaintiff is also entitled to an attorney's fee award and a "prompt pay" penalty, pursuant to state law. Appropriate motions and responses are to be filed pursuant to the Court instructions [*See* DE 106].

It is so Ordered.

SIGNED on this 16th day of September, 2016.

_____
Kenneth M. Hoyt
United States District Judge