United States District Court
Southern District of Texas
**ENTERED**
September 27, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RESIE'S CHICKEN & WAFFLES RESTAURANT, *et al*, | § § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 4:13-CV-1890 |
| ACCEPTANCE INDEMNITY COMPANY, *et al*, | § § § § | |
| Defendants. | § | |

## MEMORANDUM ON ATTORNEY'S FEES AND COSTS

Before the Court is the plaintiff's, Resie's Chicken and Waffles, LLC, motion for attorney's fees, costs and penalty, pursuant to Tex. Civ. Prac. & Rem. Code § 38.001, the Texas Insurance Code § 541.152 and Tex. Bus & Comm. Code. Ann. § 17.50(d) [DE 108]. Also, before the Court is the defendant's, Acceptance Indemnity Insurance Company, response to that motion [DE 113]. The plaintiff has also moved for judgment [DE 109], and the defendant has responded [DE 117]. In addition, the plaintiff filed a reply to the defendant's response [DE 114]. The Court has examined the pleading motion and arguments and determines that a reasonable attorney's fee should be awarded. *See Fluorine On Call, Ltd. v. Fluorgans, Ltd.,* 380 F.3d 849, 866 (5th Cir. 2004).

**II.**

Earlier, the Court entered an Order directing the plaintiff to submit a motion for an attorney's fee and further directing the defendant to file a response in order that the Court may determine, from both parties perspectives, a reasonable attorney's fee based on the *Johnson* construct. That case instructs a court to consider the following in setting a fee: (a) the time and labor required for this litigation; (b) the novelty and difficulty of the issues; (c) the level of skill

required to prepare and present the case; (d) the usual and/or customary rate for such services; (e) the experience, reputation and ability of the attorneys; and (f) the amount that counsel of similar abilities are awarded and/or billed in similar cases. *See Johnson v. Georgia Highway Express*, 488 F.2d (714) (5th Cir. 1974). The parties have complied.

### III.

The Court finds it unnecessary to restate the facts found by the jury and determined by the Court at trial. A review of the motion and response, however, reveal that the amount of time expended by the plaintiff's counsel is excessive and extends beyond permissible categories that might be approved. While the case required significant time, and some resources, the Court determines that the case does not fit into the category of cases generally referred to as "complex litigation." Hence, the amount of time that the attorneys expended on the case does not dictate the fee requested.

In light of the time expended by the defendant's counsel defending against the plaintiff's case, the fees charged by defense counsel, and based on the Court's experience in similar cases, the Court is of the opinion that a reasonable fee of $125,000 should be awarded. This fee is based on an investment of 500 hours in the preparation and trial of the case at the rate of $250 per hour. *See Louisiana Power & Light v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The Court is of the opinion that this fee is sufficient and reasonable in light of the "straightforward" legal and factual issues presented by the case.

In the event of an appeal to the Fifth Circuit Court of Appeals, the Court awards a fee of $17,500 (50 hours at $350.00 per hour). In the event the case is appealed to the United States Supreme Court, the Court awards a fee of $25,000 (50 hours at the rate of $500 per hour).

## IV.

The Court, therefore, awards counsel for the plaintiff an attorney's fee of $125,000. The Court denies the plaintiff's request for an award of damages under Tex. Ins. Code § 541.152(b). However, the Court award enhanced interest on the damages of $100,000 at 18% per annum from February 15, 2013, until the date of the judgment, pursuant to Tex. Ins. Code §§ 542.055(a) and 542.058(a). Finally, the Court awards costs of Court based only on: (a) witness/subpoena fees, (b) docket fees, and (c) stenographic transcript(s) obtained for use during the trial.

It is so Ordered.

SIGNED on this 27th day of September, 2016.

_____
Kenneth M. Hoyt
United States District Judge